## DOSS v. FARMERS UNION CO-OPERATIVE GIN CO. et al.

No. 24509.   June 25, 1935.

T. R. Wise, for plaintiff in error.

E. H. Gipson, for defendants in error.

PHELPS, J.  This is an appeal by H. T. Doss, plaintiff in the lower court, from a judgment and decree of that court dismissing his petition for an injunction against the defendant. Plaintiff brought suit as a stockholder of the defendant, Farmers Union Co-operative Gin Company, to enjoin it and its officers from apportioning its net profits to patronage dividends without first paying dividends to the stockholders.

The defendant is that special kind of corporation known as a co-operative corporation authorized and controlled by sections 9870 to 9909, inclusive, O. S. 1931. Under those provisions persons may form corporations for conducting agricultural, mercantile, or industrial business upon a co-operative plan; it shall have capital stock divided into shares of a given par value, and shall have a board of directors managing the business of the corporation, with by-laws as in the case of ordinary corporations.

Ownership of stock by any one individual is limited to 5 per cent. of the stock outstanding, and not to exceed $500 of par value, and every stockholder, regardless of the amount of stock owned by him, shall be entitled to one vote and no more. The by-laws of this corporation provide that dividends shall be paid in accordance with the provisions of section 9905, O. S. 1931, which is:

"Dividends and Profits—Reserve Fund. The directors, subject to revision by the stockholders at any general or special meeting lawfully called, shall apportion the net earnings and profits thereof from time to time at least once in each year in the following manner:

"(1)  Not less than 10 per cent. thereof accruing since the last apportionment shall be set aside in a surplus or reserve fund until such fund shall equal at least 50 per cent. of the paid up capital stock.

"(2)  Dividends at a rate not to exceed 8 per cent. per annum, may, in the discretion of the directors, be declared upon the paid-up capital stock. Five per cent. may be set aside for educational purposes.

"(3)  The remainder of such net earnings and profits shall be apportioned and paid to its members ratably upon the amounts of the products sold to the corporation by its members, and the amounts of the purchases of members from the corporation: provided, that if the by-laws of the corporation shall so provide the directors may apportion such earnings and profits in part to nonmembers upon the amounts of their purchases and sales from or to the corporation."

Plaintiff is the owner of four shares of capital stock. At the annual stockholders' meeting a motion failed to carry which would have instructed the directors to apportion from the net earnings of the gin a dividend to owners of capital stock, said dividend not to exceed 8 per cent. of the value thereof (this refers to subdivision 2 of section 9905, above).

Thereupon it was voted that the directors be instructed, after setting aside 10 per cent. of the earnings for a reserve fund (subdivision 1), to apportion the remainder of the net earnings and distribute same ratably among patronage members, in accordance with subdivision 3.

A directors' meeting was held four days afterward wherein it was voted that the net earnings of the corporation would be apportioned in obedience to the foregoing reso-

lution adopted by the stockholders. The purpose of this suit is to enjoin and restrain the corporation and directors from carrying out the terms of those two resolutions, plaintiff contending that they are in violation of his legal rights as a stockholder of the corporation. Plaintiff takes the position that it is mandatory upon the directors to declare a dividend on the capital stock, under subdivision 2. Defendant meets that argument by urging that subdivision 2 permits the stockholders and directors, in their own discretion, to omit the declaration of dividends, if they so desire, in the distribution of earnings and profits. In reply to the argument of the defendant concerning the "discretion" mentioned in subdivision 2, the plaintiff says:

"The 'discretion' allowed the directors in subdivision 2 is as to whether they will apportion any net profits to dividends; if they decide to do so, then they must make the apportionment in the **order and manner** as the statute sets out. The paragraphing of section 9905 and the word 'remainder' in subdivision 3, clearly indicate this."

It is true that the discretion is as to whether they will apportion any dividends. "**If** they decide to do so," as stated by plaintiff, then the fact that they must comply with subdivisions 1, 2, and 3, in that order, is entirely immaterial, for plaintiff's whole assumption is based on the supposition that the directors did decide to declare a dividend, which is contrary to the facts.

If there is any doubt **or ambiguity in a** statute, it is the duty of the court in interpreting it to give it the most reasonable and just interpretation, as the legislative intent, rather than an interpretation that is unreasonable and unjust, or one that will lead to an absurdity. Ledegar v. Bockoven, 77 Okla. 58, 185 P. 1097. But there is no doubt or ambiguity present here; in fact, it seems apparent that the Legislature went to extra pains to avoid that very thing: In subdivision 1 it it provided that not less than 10 per cent. "shall" be set aside in the surplus or reserve fund, in subdivision 3 the remainder "shall" be apportioned and paid to the members ratably, but in subdivision 2 there is only the provision that the directors "may" declare dividends, and, in order to leave no doubt about the matter, the word "may" was emphasized by the addition of the phrase "in the discretion of the directors." This is clear and unequivocal language, expressing a simple meaning.

Carrying plaintiff's argument to its logical end, it would be a mandatory duty of the directors to set aside, also, 5 per cent. of each division of profits for educational purposes, for it is provided in subdivision 2 that this "may" be done,—and, under subdivision 3, by the same reasoning (if the by-laws so authorize) it would be mandatory to apportion a part of the profits to nonmembers who have purchased from and sold to the corporation. This is a "reductio ad absurdum."

Plaintiff further contends that under the trial court's judgment a stockholder, though having invested his money in the concern, has no legal right to demand or expect to share in a division of the profits. The answer is that a co-operative corporation is a special and peculiar form of business enterprise which is not within the class of corporation designed purely and solely for money profit. As said by Justice Brandeis in his dissenting opinion to Frost v. Corporation Commission, 278 U. S. 517, 49 S. C. 235, involving this identical statute (the dissent, however, not hinging on this point):

"The act further discourages entrance of mere capitalists into the co-operative by provisions which permit 5 per cent. of profits to be set aside for educational purposes; which require 10 per cent. of the profits to be set aside as a reserve fund, until such fund shall equal at least 50 per cent. of the capital stock; which limit the annual dividends on stock to 8 per cent.; and which require that the rest of the year's profits be distributed as patronage dividends to members, except so far as the directors may apportion them to nonmembers."

Plaintiff further cites Guthrie Cotton Oil Co. v. Farmers' Custom Gin Co., 156 Okla. 16, 9 P. (2d) 32, as authority for his contention that the declaration of dividends is compulsory. The point was not involved in that case, and was not there decided. Further on in the opinion it was pointed out that:

"The distribution of profits is a matter of regulation by the by-laws of the company, and the rights of the stockholders or shareholders are fixed thereby. * * * The Legislature has seen fit to permit the distribution of the profits and earnings of the company to the judgment and discretion of the stockholders, acting through its directors. These provisions seem fair and reasonable and not in violation of the rights of any stockholders of the company."

The constitutionality of the statute is not attacked by petitioner. It is unnecessary for us to discuss the reasons why, from an economic and business viewpoint, the Legisla-

ture purposely left to the discretion of the directors and stockholders the advisability of declaring dividends.

The judgment is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.